ESTELLA PITTMAN, APPELLEE, v. WARD PITTMAN, APPELLANT.

29 N. W. 2d 790

Filed November 28, 1947. No. 32264.

*John C. Mullen* and *Edward J. Tangney,* for appellant.

*Penelope H. Anderson,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

YEAGER, J.

This is an appeal from an order of the district court overruling a motion of the defendant, Ward Pittman, to vacate and set aside a decree of divorce obtained by Estella Pittman, plaintiff, by default, and to allow the defendant to file an answer in the divorce action.

The history essential to an understanding of the matters presented by the appeal herein is the following as shown by the record.

On June 6, 1946, plaintiff filed a petition for divorce in the district court wherein she charged the defendant in general terms with cruelty. In the prayer she prayed for divorce, the restoration of her former name, and general equitable relief.

Before the filing of the petition the parties together went to the office of the attorney who represented the plaintiff in the divorce action. There it was agreed that plaintiff should institute action for divorce and that the defendant would not contest the application.

In the office of the attorney a petition was drawn which was signed by the plaintiff. On the same day a voluntary appearance was drawn which was signed by the defendant. At the same time an affidavit was made by the defendant that he was not in the military service of the United States. All of the three instruments were filed on the same day by the attorney.

From the record here it appears that at that time the parties told the attorney they had made a property settlement. The full details appear not to have been disclosed at that time, however, it appears that defendant told the attorney that in settlement he had con-

veyed his interest in the home of the parties to the plaintiff. The parties had prior to the time of transfer of interest by defendant to plaintiff held the title to the home in joint tenancy.

After the filing of the petition the defendant had conferences with the attorney which, apparently in July 1946, culminated in the execution of a written agreement between the plaintiff and defendant settling their property rights in case of the granting of a divorce. The agreement provides that it is subject to the approval of the court.

In the agreement it was recited that title to the home was in plaintiff and that she was to continue to hold it as her own property. Defendant agreed to pay the balance of the indebtedness against it. Defendant agreed to turn over to plaintiff a paid-up insurance policy for $1,000 against which there was a loan of $70 which defendant agreed to pay. The defendant also agreed to pay to plaintiff $50 a month beginning on the 3rd day of August and continuing monthly thereafter during the lifetime of plaintiff or until she should remarry.

The defendant failed to file an answer in the action. Hearing was had on the petition and a decree was entered July 12, 1946, granting to plaintiff a divorce and approving the agreement containing the property settlement. The agreement was attached to the decree.

At the time of the marriage neither of the parties had any property or estate except that plaintiff had sufficient furniture and household goods for use in a five-room house. Apparently neither obtained anything thereafter by inheritance. Everything that the parties had at the time of the divorce had been accumulated out of the earnings of the defendant except for earnings of plaintiff during a period of perhaps two years during the war. During this period defendant contributed nothing to the personal needs or wants of plaintiff but on the other hand her earnings were not contributed

to the joint or common accumulations of the parties. She retained her savings as her own.

The effect of the decree and the agreement was to confirm in plaintiff title to the home which was purchased in 1941 for $3,950, on which there was a balance due of $140 which the defendant was required to pay; to leave plaintiff the beneficiary of $800 cash savings which had been turned over to plaintiff some time before the commencement of the divorce action; to leave her a $1,000 paid-up insurance policy; to allow her alimony at the rate of $50 per month as long as she should live or until remarriage; to leave her a 1936 Chevrolet automobile; and to allow her all of the household furniture and equipment. The household goods are not mentioned in the decree nor in the agreement but the attitude of the defendant as it appears from his testimony is that such was the intention of the parties. The defendant was left only a Model A 1931 Ford automobile, a $1,500 life insurance policy on which he had paid premiums for 12 years, and his salary of $2,400 per year against which was, as has been pointed out, a charge of $50 per month and an additional charge of $210 to discharge the balance due on the home and the loan against the $1,000 life insurance policy.

The motion to vacate was filed within six months from date of entry of the decree thus conferring jurisdiction on the district court to vacate or modify the decree. The right to exercise jurisdiction was of course conditioned on the grounds alleged and proved being sufficient for that purpose.

Section 42-340, R. S. 1943, provides that no decree of divorce shall become final or operative until six months after trial and decision except for purposes of review. The section provides further that if no appeal shall be taken within three months the district court may within the six months modify the decree.

In Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737, it is pointed out that the right granted under the

statute to vacate or modify a decree within six months is not absolute but must be exercised within a sound judicial discretion. As pointed out in the opinion in order that it may be said that the court has exercised a sound judicial discretion good reason must be shown for setting aside or modifying the decree and it must be further shown that setting it aside or modifying it would not produce an unconscionable result.

In that case the application to vacate the decree, which application was denied, was made by the prevailing party or the one who obtained the decree and the opinion discusses the powers granted from the viewpoint of application made by a prevailing party.

In the case at bar the application was made by the losing party which calls, as a reading of the statute makes clear, for no different interpretation and application than if made by a prevailing party. It will be observed that the statute grants to no party any right within the period of six months but only grants control over the decree by the court within that period.

In the opinion in Dudgeon v. Dudgeon, 142 Neb. 82, 5 N. W. 2d 133, in interpretation of section 42-340, R. S. 1943, this court said: "We conclude that in the absence of legal collusion * * * the prevailing spouse may have a decree of divorce in his or her favor vacated and set aside as a matter of right, if application therefor is made within six months after rendition, unless some unconscionable result would be produced thereby." This statement is disapproved since it reads into the statute a right which may not, either in specific language or reasonable implication, be found therein.

The statute correctly interpreted and applied permits either party to a divorce action within six months of the date of entry of decree to make application to have the decree set aside or modified, and the court for good cause shown may in the exercise of sound discretion set it aside or modify it.

In this case the losing party made the application.

Grounds for vacation of the decree were in substance that the agreement which was approved by the court was unconscionable and oppressive in that plaintiff was given a grossly excessive portion of the property of the parties; that the property division was inequitable; and that unfair advantage was taken of the defendant in the making of the agreement and that though he signed it, it did not represent his intention or understanding and that in the making of the agreement he was imposed upon by the attorney for the plaintiff.

By the standards established by the precedents of this court had this case come here on appeal from a decree of the district court where alimony and division of property had been decreed without an agreement in those respects no difficulty would have arisen in arriving at a conclusion that the settlement was inequitable, unfair, grossly excessive in favor of plaintiff, and oppressive.

The precedents of this court have not sustained decrees wherein there has been exacted of divorced husbands vastly more than an equal share of the accumulations acquired during the married life of the parties.

While there are no exact standards for alimony and division of property the principle is well settled that what is done in these respects must be reasonable.

The appropriate rule requires the court to take into consideration the estate of each party at the time of the marriage, and their respective contributions since, the duration of the marriage, the wife's loss of her interest in the husband's property by virtue of the divorce, the social standing, comforts, and luxuries of life which the wife would probably have enjoyed except for the enforced separation, the conduct of the parties leading up to the divorce, to which party the divorce is granted, their age and condition of health, and all other facts and circumstances, and award an amount in alimony which appears to be fair and equitable between the parties. See Swolec v. Swolec, 122 Neb. 837, 241 N. W. 771; Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22;

Specht v. Specht, *ante* p. 325, 27 N. W. 2d 390. Obviously the force of this rule was not observed when the agreement was executed and equally obviously the rule was not observed when the agreement was approved.

This case however does not come here on appeal from a decree fixing alimony and making a division of property but on application to have set aside a decree which approved a written agreement wherein the parties themselves agreed upon the property rights which should obtain after divorce.

In the light of this fact and the other facts and circumstances disclosed by the record, did the district court abuse its discretion by refusal to grant the application for vacation of the decree? We are of the opinion that it did.

There was an agreement and the court did nothing more than to approve the agreement. Such agreements should not be lightly regarded, but, as has been pointed out, should be scrutinized and controlled to the end that the division of property and the other provisions shall not be inequitable, unfair, and unreasonable. Such contracts are subject to approval by the courts and should not be approved unless they are fair and reasonable and properly protect the interests of the parties. Koser v. Koser, *ante* p. 277, 27 N. W. 2d 162. This agreement failed to protect the interests of the defendant herein and it should have been rejected by the court.

In addition to a consideration of the fact that the agreement was on its face unfair and inequitable when weighed against the precedents for division of estates by divorce decree, we think that the manner in which it came about ought to be considered in determining whether or not the trial court abused its discretion in failing to set aside the decree.

The agreement was prepared by the attorney for plaintiff and at least some parts were induced by suggestions of the attorney contrary to the desire theretofore entertained by the defendant. At least the

delivery over of the $1,000 paid-up insurance policy depended upon the urging of the attorney.

It is not our purpose to impugn the motives or to question the integrity of this attorney. Indeed, there is nothing in the record which would furnish any excuse or justification for such a purpose. Our purpose is only to say that these two were not on even terms with relation to the matter under consideration by them, she being an attorney at law presumably informed as to the precedents for division of property and alimony in decrees for divorce, and he presumably being without knowledge or information in that regard, and the court should have considered this along with all other considerations in determining whether or not the decree should have been set aside.

This court has said: "A contract between husband and wife, made after and in consequence of severance of the marital relation and permanent separation, and providing for a division of property, and containing mutual releases of rights and obligations relative thereto, will be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats. But the courts will scrutinize such transactions closely, without too much regard for formal rules of pleading and procedure, and see to it that no unconscionable advantage is taken through fraud or intimidation, or even by reason of ignorance, passion or improvidence." Hiett v. Hiett, 74 Neb. 96, 103 N. W. 1051. See, also, Ladman v. Ladman, 130 Neb. 913, 267 N. W. 188; Koser v. Koser, *supra*.

There is no evidence in this case of fraud or intimidation in the procurement of the agreement but it does appear that plaintiff obtained an unconscionable advantage on account of the ignorance of the defendant which under the facts and circumstances as disclosed by the record entitles him to the relief prayed in the motion to set aside the decree and to allow him to answer the petition.

The order of the district court overruling the motion of defendant to vacate and set aside the decree of divorce granted to plaintiff is reversed and the case is remanded to the district court with directions to sustain the same and to vacate and set aside the decree and further to' allow defendant to answer the petition in the divorce action to the end that the right to divorce and alimony and division of property may be decided on the merits.

REVERSED AND REMANDED WITH DIRECTIONS.