VIRGINIA K. MORAN, APPELLEE, v. CLARENCE E. MORAN, APPELLANT.

73 N. W. 2d 709

Filed December 9, 1955. No. 33810.

*Max Marshall,* for appellant.

*Marcell & Raneri,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This appeal involves the question of whether or not the trial court erred in vacating a divorce decree.

We affirm the action of the trial court.

On April 2, 1954, plaintiff filed her petition for a divorce on the ground of extreme cruelty. She prayed for the custody of minor children, temporary and permanent alimony, attorney's fees, court costs, and an adjudication of property rights. Among other things plaintiff alleged that the parties were joint owners of two pieces of real estate in Omaha, together with furniture, furnishings, and restaurant equipment, subject to encumbrances.

On May 5, 1954, plaintiff, on information of defendant, was committed to the Douglas County Hospital as one "mentally ill."

On May 6, 1954, defendant answered. He denied generally the plaintiff's allegations. He admitted the marriage, the birth of two children to the parties, and the joint ownership of the property. He prayed that the plaintiff's petition be denied.

On May 20, 1954, plaintiff was released from the hospital.

On July 8, 1954, defendant received permission to file an amended answer and cross-petition. It was filed on July 12, 1954. In it he admitted and denied as in his original answer. For cross-petition defendant alleged misconduct of plaintiff. He sought an absolute divorce,

custody of the children, a denial of temporary or permanent alimony, and a vesting in him of title to the real estate.

On July 16, 1954, a property settlement was entered into between the parties.

On July 28, 1954, a decree was rendered. It recites that plaintiff appeared by her attorney and that defendant appeared in person and by his attorney. Trial was had. Defendant was awarded a decree of divorce based on a finding of extreme cruelty, and was given the custody of the children.

The decree recites that a property settlement was entered into on July 16, 1954, which the court approved. The decree recites that plaintiff for a consideration, partly performed and partly to be performed by defendant, had surrendered all claims and demands of every kind against the defendant. The decree awarded the defendant a divorce and the custody of the children, approved the property settlement, and incorporated it in the decree to the extent and purpose of quieting title to the real estate in the defendant. It awarded attorney's fees to the plaintiff.

On January 27, 1955, plaintiff filed an application to set aside the decree on three grounds: (1) That at the time of the signing of the property settlement and the entry of the decree she was mentally and physically incapable of realizing the import of the property settlement; (2) that the decree and property settlement was secured through fraud, deceit, and duress; and (3) that the defendant at no time intended to carry out the terms of the decree as to custody and support of the children.

A hearing was had. On March 3, 1955, the court rendered its decree setting aside the decree of July 28, 1954.

We find no sufficient evidence in the record that sustains the third ground above set out.

We determine one question presented preliminary to a

recital of the material evidence taken on the hearing to set aside the decree. Plaintiff testified as to what her lawyer advised her and did not advise her during the divorce proceedings. Defendant called the lawyer as a witness. He raised the question of privilege and plaintiff refused to waive it. The lawyer was not permitted to testify. Defendant claims the plaintiff had waived the privilege by her testimony, and assigns error here in that regard. There was no motion for a new trial.

The rule is: "In an equity case appealed to this court, if it is desired to review alleged erroneous rulings of the trial court as to the reception of evidence, a motion for a new trial must be filed and overruled in the district court." Nemetz v. Nemetz, 147 Neb. 187, 22 N. W. 2d 619. See, also, Molczyk v. Molczyk, 154 Neb. 163, 47 N. W. 2d 405; Rush v. Heinisch, 157 Neb. 545, 60 N. W. 2d 608. The rule is applicable to this proceeding and prevents consideration of the alleged error here.

Although there is no direct evidence to that effect, it is fairly inferable from the record that the property, admittedly held in joint ownership by the parties, was accumulated during the marriage relationship.

It appears that in April 1952 on information signed by the defendant, the plaintiff was confined to a hospital as one "mentally ill." The specific nature of the illness and the duration of the confinement is not shown.

As above recited, it also appears that during the pendency of this proceeding on information filed by defendant alleging that plaintiff was "mentally ill," she was, on May 5, 1954, again confined in the Douglas County Hospital. The specific nature of the illness is not shown. She was discharged on May 20, 1954.

Defendant was asked at the hearing if he had advised the court of the latter commitment at the trial of the divorce action and he stated he did not remember.

Shortly after plaintiff was released from the hospital, defendant had several visits with her about a

property settlement. The decree recites that it was entered into on July 16, 1954. The property settlement is not in evidence. The evidence of the parties is that plaintiff was to receive $500 and the "furniture." She was paid the $500 in two installments, the last being paid October 29, 1954. She sold the furniture to the defendant for $100. Plaintiff received from the settlement a total of $600.

One piece of real estate was sold for $2,800, and from that source plaintiff was paid $475 of the $500 she was to receive, defendant's evidence being that prior thereto he had paid plaintiff $25. The value of the other property is not shown, but it obviously had a substantial value. Plaintiff testified that defendant told her he would have her put back in the hospital if she did not sign. She testified that she signed because of fear that if she did not, she would be again committed to the hospital. Defendant denied making this statement.

We cannot determine from this record the fact of mental illness. The important consideration is the fact of commitment. Defendant had twice demonstrated an ability to secure that sort of an order.

Four days before this property settlement was entered into, defendant filed his answer and cross-petition. Twelve days later the cause went to trial on defendant's cross-petition without answer or other pleading of the plaintiff. Plaintiff was not informed that the trial was to be had, although it is obvious that shortly thereafter she knew about the trial and decree.

This court has followed a markedly liberal attitude toward applications for vacation or modification of divorce decrees which is peculiar to this class of judgments. See Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510.

It is patent that when defendant secured this property settlement he lost no time in securing a decree.

In Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790, we had a property settlement that we held was in-

equitable and unfair "By the standards established by the precedents of this court * * *." So this one appears to be on this record. We there held: "A contract between husband and wife, made after and in consequence of severance of the marital relation and permanent separation, and providing for a division of property, and containing mutual releases of rights and obligations relative thereto, will be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats. But the courts will scrutinize such transactions closely, without too much regard for formal rules of pleading and procedure, and see to it that no unconscionable advantage is taken through fraud or intimidation, or by reason of ignorance, passion, or improvidence."

Section 42-340, R. R. S. 1943, provides that where no appeal has been instituted the court may at any time within 6 months vacate or modify its decree.

We have held: "If a motion to set aside or modify a decree of divorce is made pursuant to statute, the court may in the exercise of a sound discretion grant it and vacate or modify the decree. * * *

"In order that it may be said that the court exercised a sound judicial discretion in vacating or modifying a decree of divorce, good reason therefor must be shown and it must also be shown that such action would not produce an unconscionable result." Roberts v. Roberts, 157 Neb. 163, 59 N. W. 2d 175.

Defendant suggests here that relief should be denied the plaintiff because she did not offer to do equity by offering to return and tendering into court the $500 which she received. We see no merit in that contention. As this record stands, she received $475 out of the $2,800 sale price of jointly-owned property. She received only a part of that which, on this record, was admittedly hers were it not for the property settlement and the decree. See Leeker v. Leeker, 23 Ariz. 170, 202 P. 397.

On this record it cannot be said that the trial court did not exercise a sound judicial discretion when it entered the order vacating and setting aside the decree. The order of the trial court is affirmed.

AFFIRMED.