NINA HUBBARD, APPELLEE, V. JACK F. HUBBARD, JR.,
APPELLANT.

127 N. W. 2d 503

Filed April 10, 1964. No. 35541.

Fitzgerald, Brown, Leahy, McGill & Strom and James F. Brogan, for appellant.

Tesar & Tesar, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, BOS-LAUGH, and BROWER, JJ., and ZEILINGER, District Judge.

ZEILINGER, District Judge.

The matter before this court is a review of the refusal of the district court to vacate or modify the permanent alimony provision of a decree of divorce within 6 months of the rendition thereof.

In the action for divorce Nina Hubbard was plaintiff and Jack F. Hubbard, Jr., was defendant. On April 27, 1962, plaintiff filed her petition for absolute divorce, child custody, child support, property settlement, permanent alimony, attorney's fees, and costs. Defendant defaulted and on July 13, 1962, the court entered its decree generally for plaintiff and against defendant specifically approving the property settlement agreement and incorporating its provisions into the decree. The property settlement agreement was dated and acknowledged July 7, 1962, before a notary public. No motion for new trial was filed within 10 days and no appeal was taken from the decree. On September 12, 1962, defendant filed an application for vacation or modification of the decree with regard only to the provision for permanent alimony. This application was denied on September 14, 1962, after a hearing and submission on briefs and argument, and during the term of court in which the divorce decree was entered. The defendant then filed a motion for rehearing or, in the alternative, for a new trial which was overruled and this appeal followed.

Defendant assigns as error the refusal of the court on September 14, 1962, to vacate or modify the permanent alimony provision of the divorce decree. It is defendant's contention that the refusal was erroneous because the court, without giving the defendant an opportunity

to introduce evidence in support of his motion, entered its order finding that "the application should be denied for the reason that the Court is without jurisdiction under the pleading on file at this time." Defendant has cited no case in which only the permanent alimony provision of a decree has been vacated or modified on the grounds set out in his application, and none has been found. Defendant is content with all provisions of the decree except with those regarding permanent alimony.

Defendant relies on the following four cases: Firebaugh v. Firebaugh, 163 Neb. 79, 77 N. W. 2d 891. But in that case the court concluded: "The appellant by fraud and deception overreached and fraudulently persuaded appellee to accept an unfair and unjust settlement." Defendant here specifically negatives fraud and deception. In Moran v. Moran, 161 Neb. 372, 73 N. W. 2d 709, the application to set aside the decree alleged that at the time of the signing of the property settlement agreement and the entry of the decree applicant was mentally and physically incapable of realizing the import of the property settlement and that the decree and property settlement was secured through fraud, deceit, and duress. Defendant here specifically negatives these allegations. In Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790, the husband filed an application to vacate and set aside the decree of divorce and to allow him to file an answer in the divorce action and his application was granted by this court. Grounds for vacation of the decree were in substance that the agreement which was approved by the court was unconscionable and oppressive in that plaintiff was given a grossly excessive portion of the property of the parties; that the property division was inequitable; and that unfair advantage was taken of the defendant in the making of the agreement and that although he signed it, it did not represent his intention or understanding and that in the making of the agreement he was imposed upon by the attorney for the plaintiff. Defendant here specifically negatives

these allegations. In Roberts v. Roberts, 157 Neb. 163, 59 N. W. 2d 175, the provision for alimony was modified upon an application alleging that plaintiff had not asked for alimony in her petition and had repeatedly assured defendant that she would not seek alimony; and that defendant made no appearance in reliance upon such assurance by plaintiff and her attorney, which fact was called to the attention of the court by plaintiff's attorney before decree was entered but that the court granted alimony regardless. Defendant here neither alleges nor shows such an unconscionable situation. In Pittman v. Pittman, *supra*, the court said: "The motion to vacate was filed within six months from date of entry of the decree thus conferring jurisdiction on the district court to vacate or modify the decree. The right to exercise jurisdiction was of course conditioned on the grounds alleged and proved being sufficient for that purpose." and, "the right granted under the statute to vacate or modify a decree within six months is not absolute but must be exercised within a sound judicial discretion. * * * in order that it may be said that the court has exercised a sound judicial discretion good reason must be shown for setting aside or modifying the decree and it must be further shown that setting it aside or modifying it would not produce an unconscionable result."

The following from Pittman v. Pittman, *supra*, clearly states the duty of a trial court regarding property settlement agreements: "On a severance of a marriage by divorce the court is required to take into consideration the estate of each party at the time of the marriage, their respective contributions since the marriage, the duration of the marriage, the wife's loss of interest in the husband's property by virtue of the divorce, the social standing, the comforts, and luxuries which the wife would probably have enjoyed except for the divorce, the conduct of the parties leading to the divorce, the party to which the divorce is granted, the ages and condition of health of the parties, and all other pertinent facts and

circumstances, and in this light award an amount which appears to be fair and equitable.

"A contract between husband and wife, made after and in consequence of severance of the marital relation and permanent separation, and providing for a division of property, and containing mutual releases of rights and obligations relative thereto, will be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats. But the courts will scrutinize such transactions closely, without too much regard for formal rules of pleading and procedure, and see to it that no unconscionable advantage is taken through fraud or intimidation, or by reason of ignorance, passion, or improvidence." Defendant has not presented to this court the evidence presented to the district court at the divorce hearing and there is nothing before this court to support defendant's conclusion that the trial court did not perform its duty in this regard.

Defendant's application to vacate or modify the permanent alimony provision of the decree contains this statement: "That the Plaintiff entered into the property settlement agreement voluntarily and of her own free will, and the defendant likewise entered into the property settlement agreement voluntarily and of his own free will; That no misrepresentations were made to the defendant by anyone, and the Defendant read and understood the property settlement agreement at the time the same was executed by him." It then states that defendant did not obtain the advice and counsel of an attorney before he executed the agreement; that upon further study and consideration and after consulting with an attorney he now believes that the permanent alimony provision is excessive considering his income and earning capacity, the station in life of the parties, and the property accumulated by the parties, and that the award of alimony should be tempered and reduced; that no change is suggested in the division of property or the

allowance for child support; and that the decree should have reserved to the defendant the right to future modifications in the event of a change in circumstances.

Defendant's application asks for a modification or vacation of one provision of the decree only, leaving all others intact. The allegations are insufficient to support a finding that an unconscionable advantage was taken of him through fraud or intimidation, or even by reason of ignorance, passion, or improvidence. The testimony presented to the trial court in the divorce hearing is not in the bill of exceptions. No affidavits were filed in support of defendant's application and the application was not offered in evidence. The bill of exceptions consists of a statement by defendant's counsel as to what defendant's testimony would be if he were permitted to testify. From this it appears that defendant's testimony would support the allegations of his application. The defendant's application and proof tendered in support thereof is insufficient to require this court to hold that the trial court abused its discretion in denying the application.

The trial court had authority to vacate the decree on its own motion during the term. The court had jurisdiction to act on a proper application. If denial of the motion was not erroneous the reason given therefor is immaterial.

The judgment of the district court should be and it is affirmed. Plaintiff should be and is allowed as compensation of her counsel in this case the sum of $250, to be taxed as costs, and all costs of appeal should be and they are taxed to defendant.

AFFIRMED.

SPENCER, J., participating on briefs.