VELDA F. CLATTERBAUGH, APPELLEE, V. FRANCIS C. CLATTERBAUGH, APPELLANT.

153 N. W. 2d 749

Filed October 27, 1967. No. 36560.

Miller, Morrow & Woodward and Victor J. Lich, Jr., for appellant.

Pilcher, Howard & Dustin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for an absolute divorce and approval of a property settlement. The trial court granted the divorce, approved the property settlement, and allowed plaintiff $1,800 attorney's fees. Defendant has perfected an appeal to this court, contesting the approval of the property settlement and the reasonableness of the allowance of attorney's fees.

Defendant concedes that plaintiff is entitled to an absolute divorce. The evidence conclusively supports

the decree of divorce and no purpose would be served herein by detailing defendant's transgressions.

The parties were married in 1936. Subsequently, defendant worked his way through college, securing a degree in electrical engineering. Defendant over the years has been industrious and has provided for plaintiff to the best of his abilities. In late years, after starting his own business, he has been quite successful. All the property involved in the agreement has been accumulated out of the defendant's earnings. There is some confusion as to the value of this property because of a disagreement as to the value of stock in a corporation which defendant organized. The corporation, which is owned entirely by defendant, operates as a manufacturer's representative and its earnings in a large measure are dependent upon the efforts of the defendant. We determine the property involved in the agreement to have an approximate value of $110,000.

The parties are childless. The plaintiff contends she is in poor health and unable to work. She has a curvature of the spine from an attack of polio as a child. The defendant did not learn of this condition until after marriage. Plaintiff has had no treatment for the condition during the marriage but did testify that she did not learn it was the result of the polio attack until after the marriage.

The effect of the property settlement is to transfer property valued at approximately $71,000 to the plaintiff and to provide additionally permanent alimony in the sum of $300 per month subject to being increased or decreased, depending upon the income of the defendant. The alimony payments are payable during the lifetime of the plaintiff except that they shall terminate on the remarriage of the plaintiff or on the death of the defendant. At the time of the trial herein defendant was 57 years of age and the plaintiff was 50.

The property settlement agreement was prepared in the office of the plaintiff's attorney the day previous to

the filing of the action for divorce. It was prepared in the presence of the parties and the husband of plaintiff's sister, an Iowa attorney. Defendant urges that the property settlement agreement is not fair and equitable to him and was the result of unequal bargaining power or at the least ignorance, passion, or improvidence on his part because he had concluded he could no longer live with the plaintiff and was willing to agree to almost anything to secure a divorce. There can be no doubt that the property settlement was a condition precedent to the plaintiff's agreement to institute divorce proceedings herein. Defendant's counsel aptly labels the agreement as plaintiff's price for a divorce.

While the record suggests defendant did not consult counsel other than his brother-in-law previous to the date of the property settlement, he was a successful businessman who used counsel when necessary in his business. We cannot say on the record presented that he was incapable of protecting his interest. It is apparent that the agreement is weighted in the plaintiff's favor and is probably greater than she might have secured in the absence of an agreement. However, there is nothing in this record to indicate that the contract was signed as the result of any fraud or misrepresentation practiced upon the defendant. It is equally obvious plaintiff would not have agreed to a divorce in the absence of a satisfactory agreement. The mere fact that defendant was not represented by counsel and changed his mind after he consulted with counsel is no more persuasive here than it was in Hubbard v. Hubbard, 176 Neb. 768, 127 N. W. 2d 503. Defendant's action suggests merely that he wants to retain the benefit derived by the making of the agreement but to avoid its burden.

We have previously said: "A contract between husband and wife, made after and in consequence of severance of the marital relation and permanent separation, and providing for a division of property, and containing mutual releases of rights and obligations relative

thereto, will be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats. But the courts will scrutinize such transactions closely, without too much regard for formal rules of pleading and procedure, and see to it that no unconscionable advantage is taken through fraud or intimidation, or by reason of ignorance, passion, or improvidence." Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790.

Defendant suggests the agreement is not strictly within that part of the rule which provides a presumption that it is fair and valid because it was a condition precedent to the divorce and was entered into the day before the divorce was filed rather than subsequent to the filing of the petition. That point is immaterial on the facts herein. Agreements of this type should not be lightly regarded, but should be scrutinized and controlled to the end that the division of the property and other benefits shall not be inequitable, unfair, and unreasonable *under the circumstances*. Under the circumstances as we find them in the record, we cannot say that an unconscionable advantage was taken of the defendant. However, in view of defendant's age and the fact that plaintiff received two-thirds of the accumulated property, we feel that $300 monthly should be the maximum additional permanent alimony, and the provision for its increase should be eliminated from the decree, but the provision for its decrease should be retained.

Defendant contests the reasonableness of the allowance for attorney's fees. Defendant suggests that he did not seriously contest the grounds for divorce and infers that plaintiff made more of a record than was necessary. Defendant in his answer denied each and every allegation of plaintiff's petition and requested that plaintiff be put upon strict proof as to the grounds for divorce. On the record herein there is no merit to defendant's contention.

For the reasons given, the judgment of the trial court

is affirmed except as to the provision for the increase of the permanent alimony in excess of $300 per month. Plaintiff is allowed $500 attorney's fee in this court.

AFFIRMED AS MODIFIED.