DOROTHY C. DIERS, APPELLANT AND CROSS-APPELLEE, V. BUFORD JOHN DIERS, JR., APPELLEE AND CROSS-APPELLANT.
177 N. W. 2d 503

Filed May 22, 1970. No. 37361.

Sidner, Svoboda & Schilke, for appellant.

Kerrigan, Line & Martin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a divorce action in which the wife was granted an award of $20,000 in the division of the property of the parties. On appeal she claims the award is inadequate. The husband has cross-appealed, asserting that the trial court erred in failing to approve a property settlement entered into by the parties. The evidence sustains the granting of a divorce and no error is claimed with reference thereto. The only issue is the correctness of the amount of property awarded to the wife.

The parties were married on January 28, 1950. No children were born to the marriage. The wife was 48 and the husband 47 years of age at the time of trial. The wife had been married twice previously and was the mother of four children by her first marriage, three of whom had been placed in the custody of others. At the time of her marriage to the defendant she had custody of one small son. The husband had been previously married and had the care and custody of three small children under 5 years of age when he entered into the marriage. The parties raised these four children and, at the time of the entry of the divorce decree, all were self-supporting.

At the time of the marriage, the wife had no property.

The husband was operating a gasoline station in California. The husband had the gasoline station, an automobile, and some cabins. The value of the property does not appear to have been great. After operating the station for 3 or 4 years, it was sold and the husband engaged in the trucking business. He owned as many as 15 trucks at one time and the business appears to have prospered. After the operation of the trucking business for 8 or 9 years, the business was sold and the parties moved to Nebraska. The husband purchased a farm near West Point, Nebraska, and it was farmed by the parties until the divorce action was commenced.

The wife ran the home, cared for the four children, and assisted to some extent in both the trucking and farming operations. There was some conflict in the evidence concerning her running of the home due to the claim of the husband that she drank intoxicating liquor to excess at times. In 1965, the wife worked for Campbell Soup Company as a production line worker and as a helper and waitress in the Veterans Club restaurant. At the time of the divorce the wife was earning as much as $320 per month which was expended largely on groceries, insurance, car payments, gasoline, and the like. The husband was admittedly a hard worker and successful in his farming operations. On June 4, 1969, the trial court granted a divorce to the wife on the ground of adultery by the husband.

The net value of the property accumulated during the marriage is not in dispute. It is approximately $80,000 to $82,000. It is established almost wholly from the evidence of the husband and the income tax returns of the parties. Both of the parties are in good health and both have contributed to the accumulation of practically all of the property owned by the parties. The trial court awarded the wife the property in her possession at the time the divorce was entered which was little, the French Provincial living room set, a double bed, the electric roaster, personal clothing and effects located in the

former residence of the parties, and the sum of $20,000 which includes $5,000 paid by the husband to the wife after the petition was filed and before the divorce was granted. The award is not adequate under the holdings of this court.

The rule for determining the division of property in a divorce action is as follows: "In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just." Kidder v. Kidder, 159 Neb. 666, 68 N. W. 2d 279. See, also, Neeman v. Neeman, 183 Neb. 105, 158 N. W. 2d 236.

The evidence shows that the property owned by the parties was almost wholly accumulated by their joint efforts. They have raised the wife's child and the three children of the husband. The wife has reached the age of 49 years and cannot be expected to work at common labor indefinitely into the future. In 1966, 1967, and 1968, the wife earned $2,412.77, $3,148.83, and $2,508.44, respectively, indicating she had some earning ability. The record shows that she assisted in the trucking and farming businesses to the extent that most wives do. The marriage lasted for more than 19 years and until a divorce was brought about by the misconduct of

the husband. Considering all the elements involved, the wife is entitled to an award of $32,000. We consider such an award to be just and equitable. Roach v. Roach, 174 Neb. 266, 117 N. W. 2d 549; Eno v. Eno, 159 Neb. 1, 65 N. W. 2d 145; Phillips v. Phillips, 135 Neb. 313, 281 N. W. 22.

The defendant has cross-appealed alleging that the trial court was in error in not approving a property settlement entered into by the parties. The petition for a divorce by the wife was filed on January 3, 1969. On January 13, 1969, prior to the granting of the divorce, the parties entered into a property settlement agreement in the presence of their respective lawyers. By its terms the husband paid $5,000 which was used immediately by the wife as the cash payment on a $15,000 home. The agreement gave to the wife a total sum of approximately $13,000. The wife's lawyer strongly advised her not to sign the property settlement agreement, but she did so notwithstanding his advice. On January 18, 1969, or within a day or two thereafter, the wife rescinded the property settlement agreement for reasons that are not important here. The trial court on the trial did not approve the property settlement, in fact, it was not mentioned in the decree of divorce. The defendant relies on such cases as Clatterbaugh v. Clatterbaugh, 182 Neb. 160, 153 N. W. 2d 749; Hubbard v. Hubbard, 176 Neb. 768, 127 N. W. 2d 503; and Firebaugh v. Firebaugh, 163 Neb. 79, 77 N. W. 2d 891. But these cases are ones where the trial court approved the property settlement in the decree and a subsequent attempt was made to set it aside for fraud, deception, or overreaching. The rules of law therein announced apply in such situations, but they have no application where the property settlement was not approved by the court.

In the instant case the property settlement was offered in evidence and thereby submitted to the court. The court by entering a decree in an amount in excess of that provided by the settlement agreement evidently found the agreement to be unconscionable or obtained

through ignorance, passion, or improvidence. It is the duty of the court to scrutinize settlement agreements closely in divorce actions and to protect against fraud, intimidation, and ignorance and guard against unconscionable results. The court is required to render a fair and equitable result under all the circumstances. A trial court is not foreclosed from the performance of this duty by a property settlement entered into before a divorce is granted. The contention of the husband that the court erred in not approving a division of property by the parties, made before a divorce decree was entered, is lacking in merit. The cross-appeal therefore cannot be sustained.

The judgment of the district court is affirmed as modified with directions to increase the division of property award to the wife to $32,000, including the $5,000 paid before the divorce was granted, and to fix the terms of its payment in accordance with the best interests of both parties to the extent possible. The costs of this appeal, including an attorney's fee of $750, are taxed to the husband.

AFFIRMED AS MODIFIED.