HARRIETTE MANDELBERG, APPELLEE AND CROSS-APPELLANT, v. LOUIS MANDELBERG, APPELLANT AND CROSS-APPELLEE.

195 N. W. 2d 148

Filed February 18, 1972. No. 38001.

Reddish, Fiebig & Curtiss, for appellant.

Atkins, Ferguson, Nichols & Hahn and Dennis M. Coll, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This action by Harriette Mandelberg against Louis Mandelberg seeks a division of property, attorneys' fees, and costs. The basic issue presented is: Can a wife obtain a foreign divorce in which there is no appearance by the husband and in which alimony is reserved, and thereafter return to Nebraska and obtain alimony or a division of property? The trial court allowed plaintiff one-third the value of the property, payable in 10 annual installments, but refused to allow attorneys' fees. The incidental questions presented are the fairness of the division, if division is permissible, and whether or not attorneys' fees are allowable. We affirm.

The parties, who first met while attending the University of Colorado, were married in Denver, Colorado, November 17, 1949. Plaintiff, who had been a Denver resident, returned with the defendant to Alliance, Nebraska, where defendant entered the family business. The business is principally an automotive parts corporation but also involves certain machine operations on internal combustion engines in which there is little or no competition. There is also substantial real estate rental income.

The marriage of the parties was a stormy one. In 1957, they adopted Lawrence A. Mandelberg, who was born March 26, 1957. In the fall of 1965, plaintiff returned to Denver, taking the child with her, and on March 7, 1966, she filed a petition for divorce in the district court for Box Butte County, Nebraska. In June the parties reconciled and plaintiff returned to Alliance. They remained together until August 1967, at which time the plaintiff again took the child and returned to Denver. In June 1968, she filed for divorce in the district court for Arapahoe County, Colorado. Defendant did not make an appearance in the Colorado proceeding, and a decree of divorce, specifically reserving the matter of the division of property and allowances, was entered. The defendant was aware of the proceedings for the divorce, paid the attorneys' fees of $1,000 for it, and on November 14, 1969, married his present wife. He is estopped to question the validity of the divorce proceedings. The plaintiff, who has not remarried, brought this action December 20, 1968. Lawrence A. Mandelberg has been living with his father since December 27, 1969, and the question of custody is not involved herein.

It will serve no useful purpose to detail the problems of the parties during the marriage. The trial judge found that the plaintiff failed to prove the defendant at fault. We believe that the record will support a finding of extreme cruelty on the part of the defendant, but in the context of this case do not disturb the trial court's finding. It is undisputed that plaintiff has had severe emotional problems and has needed psychiatric help during the course of the marriage. She was hospitalized for a period of time in 1964 in the Hastings State Hospital; received counseling at Methesda Hospital in Denver; and was residing at the hospital during the time of the trial herein.

The main question presented is the jurisdiction of the district court for Box Butte County to maintain this action. The Colorado court had no personal jurisdiction

of the defendant and consequently was powerless to enter a personal judgment against him. No jurisdiction existed to award alimony and that issue was specifically reserved by the Colorado court.

The authorities are divided as to the divisibility of divorce actions, that is, one action as to the marital status of the parties and the other the right to alimony or division of the property. If it were an open question in Nebraska, we probably would consider divisibility, at least where constructive service is involved, to be the preferable rule. However, the question is not an open one. This court early recognized the divisibility of divorce actions. In Cochran v. Cochran (1894), 42 Neb. 612, 60 N. W. 942, it was held that district courts, being courts of general equity jurisdiction, are not limited in the exercise of such jurisdiction by statute and permitted a divorced wife to maintain an action for alimony. Doubt was subsequently cast on this holding in Eldred v. Eldred (1901), 62 Neb. 613, 87 N. W. 340. This doubt, however, was resolved in Bodie v. Bates (1914), 95 Neb. 757, 146 N. W. 1002, where the court, after analyzing the two cases, said: "We think our holding in Cochran v. Cochran is sound and should be followed; and, in so far as it conflicts therewith, Eldred v. Eldred is overruled."

Bodie is a much stronger case than the instant one, for there the defendant was personally served. The Arkansas court held it did not have jurisdiction to take cognizance of the real estate in Nebraska without the consent of the parties to consider the same in fixing alimony. Bodie involved the division of the Nebraska property. In the instant case the Colorado court had no personal jurisdiction of the defendant, the right to alimony could not be adjudicated in that action. It did, however, specifically reserve the question for future determination. The present action for alimony and a division of property was not barred by the Colorado

divorce decree, and the district court for Box Butte County had jurisdiction to entertain it.

The rule for determining the division of property in a divorce is as follows: " 'In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just.' " Diers v. Diers, 185 Neb. 552, 177 N. W. 2d 503.

In determining the value of the corporate stock the trial judge used the values shown in the corporate balance sheet as of December 31, 1968, except for the real estate. With respect to the real estate, he used the actual tax value for 1969, or the defendant's opinion of the value where he deemed it appropriate. While ordinarily value for tax purposes has little probative value, in two instances herein it was corroborated to some extent by rentals. It was only used by the trial judge where he considered the defendant's opinion as not credible. We have reviewed the trial court's computations and believe them to be fair and equitable under the circumstances. In view of the plaintiff's apparent mental instability, the setting off of one-third of the property to the plaintiff is reasonable under the circumstances.

With reference to the allowance of attorneys' fees, we

do not believe them to be proper under the circumstances of this case, particularly where the defendant did pay attorneys' fees for the securing of the Colorado divorce. We affirm the judgment of the trial court.

AFFIRMED.