STATE OF NEBRASKA, APPELLEE, V. DONALD B. CHILDRESS,
APPELLANT.
442 N.W.2d 392

Filed July 14, 1989.   No. 88-768.

Peter K. Blakeslee for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Donald B. Childress pled guilty in the county court to a charge of third offense driving while under the influence of alcohol, a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988). He was so adjudged and thereafter sentenced to serve 6 months in jail less credit to be given for time he had spent in an inpatient alcoholism treatment program, to pay a fine of $500, and to a suspension of his driving privileges for a period of 15 years. Childress then appealed to the district court, which affirmed the judgment of the county court but, because the county judge had failed to carry out his promise to give Childress credit for the 30 days he had spent in treatment, remanded the cause with instructions that such credit be given. Although Childress points to no statutory or other authority for such credit, the State has raised no issue concerning that aspect of the matter, and we therefore do not concern ourselves with that question at this time. In his appeal to this court, Childress claims that the district court erred in failing to find the county court erred by (1) suggesting that he would be considered for probation if he finished treatment for

alcoholism, (2) failing to consider his alcohol treatment discharge summary before imposing sentence, and (3) imposing an excessive sentence. Childress further claims this court has erred by overruling his motion to remand this cause to the county court for resentencing in light of the loss of the presentence report considered by the county court. The record failing to sustain any of his assignments of error, we affirm.

Childress initially entered a not guilty plea. After he acquired counsel, a pretrial conference was held. His then defense counsel claims that at the conference the county judge said that because Childress had not previously undergone treatment for alcoholism nor been on probation in the past, the judge would give strong consideration to probation should Childress complete inpatient treatment for alcoholism. Childress subsequently withdrew his earlier plea and on January 28, 1988, entered a plea of guilty.

At the sentencing hearing held on May 13, 1988, the county judge observed he was misinformed at the time of the pretrial conference; that in fact Childress had seven prior convictions for driving under the influence of alcohol, had been sentenced to the penitentiary for at least one of the convictions, had been on probation before, and had had prior opportunities for treatment. The county judge then imposed the sentence described.

At some unknown time, the original presentence report was lost, and Childress moved that we remand his cause to the district court with directions to order the county court to prepare a new presentence report. We denied that motion and instead ordered the Lancaster County chief probation officer, Larry Heckert, to reproduce the presentence report for review purposes. The new attorney Childress acquired after his county court conviction then filed, per stipulation, an affidavit stating in relevant part:

> That on or about February 1, 1989, I spoke personally with Larry Heckert regarding his preparation of a presentence report on [Childress]. Your affiant was told by Mr. Heckert that it was impossible to reproduce the presentence report on [Childress] originally submitted to the Lancaster County Court, for the reason that a

different probation officer had prepared the original report, that Mr. Heckert was unaware of the exact contents of the original report, and that the report prepared by Mr. Heckert would include information regarding [Childress] which was not available at the time the original report was submitted to the Lancaster County Court, including information relating to [Childress'] progress in alcohol treatment.

The presentence report prepared by Heckert reveals that Childress underwent inpatient treatment from April 4 to May 4, 1988.

With respect to his first assignment of error, Childress claims that his plea was coerced because of the county judge's claimed pretrial conference statement that he would give strong consideration to probation if Childress were to undergo alcohol addiction treatment. However, no record of the pretrial conference has been presented to us, and, consequently, the issue this assignment of error attempts to raise is not before us. It is incumbent on the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court is to be affirmed. *GFH Financial Serv. Corp. v. Kirk*, 231 Neb. 557, 437 N.W.2d 453 (1989); *State v. Slezak*, 230 Neb. 197, 430 N.W.2d 533 (1988); *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986).

In connection with the next assignment of error, Childress contends that because the original presentence report contained no summary concerning the inpatient alcoholism treatment he underwent immediately before sentencing, the county judge did not take Childress' progress into account before imposing sentence, and thereby abused his discretion. The discharge summary, signed by a student on behalf of a counselor at the treatment center Childress attended, and which is found in the present presentence report, includes the opinion that Childress made "good and steady progress while in treatment," and states that he maintained sobriety, developed the skills and insight needed to "work his recovery program," was able to admit the seriousness of his drinking, and developed an understanding of how his drinking affected his life.

Although he ultimately neglected to do so, in the course of

imposing sentence the county judge said, "I'll give him credit for it as soon as I figure out the days that he was actually in treatment as far as his in-patient." Thus, the record establishes that the county judge was fully aware at the time of sentencing that Childress had attended an alcoholism treatment program.

Moreover, Childress attaches far more importance to the treatment center's discharge summary than the record warrants. The relative inconsequentiality of the summary is perhaps best illustrated by noting that the excerpt in the presentence report concerning Childress' 40-day period of treatment in early 1982 at the same treatment center also contains the opinion that Childress had made progress and that he "was able to get in touch with his powerlessness and unmanageability over drinking and drugs." Yet, Childress remained addicted to alcohol and continued to drive while drunk.

In actuality, Childress' concern that the county judge did not have the benefit of the treatment center's most recent discharge summary merges into the third assignment of error, which claims the sentence imposed is excessive.

The rule which controls this assignment of error is the oft-repeated one that a sentence imposed within statutory limits will not be set aside absent an abuse of discretion on the part of the sentencing court. *State v. Sorbello, ante* p. 486, 440 N.W.2d 696 (1989). In arguing that his conduct does not warrant imposition of the maximum sentence, Childress again urges that during the pendency of this action, "he has taken substantial steps to rehabilitate himself," including undergoing treatment for his alcoholism and abstaining from drinking. However laudable such after-the-fact efforts may be, they do not alter the reality that after repeated drunk driving convictions, Childress once more put other users of the road at risk by driving while drunk. Not even the treatment center's discharge summary on which Childress places so much emphasis suggests that he has attained any insight into how his behavior affects other users of the state's streets and highways. There was no abuse of discretion in the sentence imposed.

This brings us to Childress' claim that this court erred by not ordering the cause remanded so that the county court might

consider new information the replacement report contains. In doing so, he calls our attention to *State v. Slezak, supra*, which remanded the cause for the preparation of a proper bill of exceptions in accordance with the appellant's timely request, and *Norfolk Packing Co. v. American Ins. Co.*, 116 Neb. 118, 216 N.W. 309 (1927), which affirmed the granting of a new trial because the bill of exceptions was destroyed without fault of the party seeking the new trial.

However, a presentence report is not a bill of exceptions. It is clear from the record of proceedings at the sentencing hearing that the county judge imposed the sentence he did because of Childress' past record. That past record is contained in the reproduced presentence report. The only difference Childress declares to exist between the presentence report considered by the county court and the reproduction before us is that the reproduction contains information which was not available at the time the original was prepared: specifically, the 1988 discharge summary. However, as the foregoing analyses demonstrate, Childress' confidence that the subject discharge summary would have changed the result is not borne out by the record.

The judgment of the district court is affirmed.

AFFIRMED.