RAY L. HOWARD, APPELLANT AND CROSS-APPELLEE, V. PEGGY JEAN HOWARD, APPELLEE AND CROSS-APPELLANT.

452 N.W.2d 283

Filed March 9, 1990. No. 88-266.

Robert J. Hovey, P.C., of Robinson, Hovey, P.C., and Kenney, for appellant.

Thomas R. Wolff for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is an appeal from the order of the district court in a proceeding brought by respondent wife under Neb. Rev. Stat. § 42-358.02(3) (Reissue 1988) to determine the amount of interest due on delinquent child support. Following an order issued by the court on August 18, 1987, directing the clerk of the court to determine and certify to the court the amount of such interest, and a hearing held on November 3, 1987, the court entered its order on December 22, 1987, determining that interest on child support in the amount of $2,171.90 was due and owing. Additionally, the court determined $2,373.09 interest was due on alimony and $1,244.65 in interest was due on attorney fees.

Petitioner's assignments of error assert the district court erred (1) in rendering an order without holding a lawful hearing, (2) in its computation of interest due, (3) in awarding interest on child support when that issue was barred by the doctrine of res judicata, (4) in determining the interest due on alimony and attorney fees absent a pleading to determine the same, and (5) in finding interest due on attorney fees where such fees were taxed as costs. We affirm in part and in part reverse the judgment of the district court.

Obviously, this case arrives out of a marriage dissolution proceeding, in which a decree was filed in 1975. See *Howard v. Howard*, 196 Neb. 351, 242 N.W.2d 884 (1976).

According to the November 3, 1987, entry on the trial docket, the following proceedings were had: "Hearing on amt. due on arrearages. Parties appeared by counsel of record. Under advisement." The December 22, 1987, entry reads: "Re entry of 11/3/87; Order signed."

At the November 3, 1987, hearing, apparently neither party requested the presence of a court reporter, and thus this court is without a record of the proceedings and particularly what evidence was adduced. The complete bill of exceptions states as follows:

CERTIFICATE

This is to certify that the Bill of Exceptions was prepared under my direction and supervision by Pamela D. Remus, the Official Court Reporter, but is not certified

by her for the reason that the hearing on appeal wherein the hearing was had was held in the absence of the court reporter.

Dated this 9th day of May, 1988.

/s/Stephen A. Davis
District Judge

The transcript discloses that a lawful hearing was held. It is not clear that § 42-358.02 contemplates a hearing in the formal sense requiring the taking of evidence. If a party desires the presence of a court reporter on a hearing under these circumstances, the party must make such a request. None was made.

Therefore, the record does not reveal the method of computation of the interest due. Nor does the record provide the ruling of the district court for Sarpy County in a collateral proceeding upon which the petitioner relies as the basis of his res judicata argument.

It is incumbent on the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court is to be affirmed. *State v. Childress*, 232 Neb. 833, 442 N.W.2d 392 (1989). Where evidence or rulings do not appear in the record, they cannot be considered on appeal. *Chalupa v. Chalupa*, 220 Neb. 704, 371 N.W.2d 706 (1985).

Accordingly, the assignments of error challenging the method of computation used to determine the accrued interest and petitioner's res judicata argument are without merit.

In the absence of a complete bill of exceptions, the only issue on appeal is the sufficiency of the pleadings to support the judgment. *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988). The pleadings in this instance fully support the determination of accrued interest on child support.

Petitioner further assigns as error the sufficiency of the application to support a judgment awarding interest due on alimony and attorney fees. The application limits itself to a request for interest on child support.

As a general rule, the pleadings must support the judgment. A judgment based upon an issue not pleaded is a nullity.

*Alexander v. School Dist. No. 17*, 197 Neb. 251, 248 N.W.2d 335 (1976). See, also, *State ex. rel. Douglas v. Schroeder*, 212 Neb. 562, 324 N.W.2d 391 (1982). The only pleading on record is the application, which does not raise an issue as to interest due on alimony and attorney fees, and the judgment awarding interest on them must be reversed.

Having held, for the reasons stated, the award of interest on attorney fees to have been erroneous, we neither reach nor decide the issue raised by petitioner's remaining assignment of error pertaining to interest on attorney fees taxed as costs.

For the reasons stated above, we do not consider respondent's cross-appeal, which also asserts error in the computation of the amount of interest due.

The determination of interest as to child support is affirmed and as to alimony and attorney fees is reversed.

AFFIRMED IN PART, AND IN PART REVERSED.

GRANT, J., not participating.