IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

VERNON V. VERNON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JOSEPH WESLEY VERNON, APPELLANT,
V.
KELLY LYN VERNON, APPELLEE.

Filed April 23, 2013.    No. A-12-499.

Appeal from the District Court for Douglas County: J. PATRICK MULLEN, Judge. Affirmed.

Justin A. Roberts and Britt Carlson, Senior Certified Law Student, of Lustgarten & Roberts, P.C., L.L.O., for appellant.

Edith T. Peebles, Wm. Oliver Jenkins, and Amanda M. Phillips, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellee.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Joseph Wesley Vernon appeals an order of the district court for Douglas County, Nebraska, denying his motion to vacate or set aside the decree dissolving his marriage to Kelly Lyn Vernon. On appeal, Joseph challenges both the court's denial of his motion and the court's alleged refusal to allow him to present evidence in support of the motion. We have no record to support Joseph's assertion that the court denied any request to present evidence, and we find no merit to his assertion that the court abused its discretion in denying his motion to vacate or set aside. We affirm.

## II. BACKGROUND

On May 14, 2010, the district court entered an order dissolving the marriage of Joseph and Kelly. That decree reflects that the parties had entered into a settlement agreement resolving

- 1 -

all matters relevant to the dissolution and that the court had found the settlement agreement to be fair, reasonable, and not unconscionable. The consent decree included provisions for Joseph to pay child support in an amount that was an upward deviation from the then applicable child support guidelines; for Joseph to provide insurance and pay for uninsured medical expenses for the parties' children; for Joseph to provide for childcare and, eventually, college expenses for the children; and for Joseph to provide other financial settlement to Kelly. The consent decree also provided that Joseph was awarded the marital home, various retirement accounts, and a business. According to the consent decree, at the time of dissolution, Joseph's total monthly income exceeded $22,000, while Kelly had no monthly income.

The consent decree included a provision indicating that each of the parties certified that it had entered into the consent decree upon ample opportunity to seek the advice of counsel and without duress, fraud, or undue influence. At the time of the consent decree, Kelly was represented by counsel and Joseph was not represented by counsel.

On November 30, 2011, Joseph filed a motion to set aside the dissolution decree. In Joseph's motion, in support of his assertion that the consent decree should be set aside, Joseph alleged that he had not been represented by counsel in the dissolution proceedings and that the agreements made in the consent decree were unconscionable. The motion includes a notice of hearing indicating that the motion would be heard by the district court on March 20, 2012.

On May 9, 2012, the district court entered an order denying the motion to set aside. In its order, the court noted that the dissolution decree had been a consent decree entered into by the agreement of the parties and that it appears Joseph had the financial ability to be represented at the time of the dissolution proceedings but chose not to be. The court noted that the terms of the consent decree were not unconscionable on their face because Joseph's monthly income at the time was such that he was capable of satisfying the terms. The court also noted Joseph had made no assertion that his will had been overcome or that he had lacked understanding of any terms of the consent decree. As such, the court denied Joseph's motion to set aside. This appeal followed.

### III. ASSIGNMENTS OF ERROR

Joseph assigns as error that the district court erred in not allowing him to present evidence in support of his motion to set aside the dissolution decree and in denying his motion.

### IV. ANALYSIS

#### 1. NOT ALLOWING EVIDENCE

Joseph first asserts that the district court erred in not allowing him to present evidence in support of his motion to set aside the dissolution decree. We have no record on appeal demonstrating that Joseph requested to present evidence or that the court denied any such request.

It is incumbent on the party appealing to present a record which supports the errors assigned; absent such a record, the decision of the lower court will be affirmed. *Howard v. Howard*, 234 Neb. 661, 452 N.W.2d 283 (1990). Where evidence or rulings do not appear in the record, they cannot be considered on appeal. *Id.*

In *Howard v. Howard, supra*, the appealing party asserted that the trial court had erred in a variety of ways concerning a hearing held on the issue of the amount of interest due on

delinquent child support. At the hearing, however, neither party requested the presence of a court reporter, and there was no record presented on appeal concerning what happened during the hearing or what evidence was adduced. On appeal, the Supreme Court concluded that a lawful hearing had been held and that the appealing party had failed to present an adequate record to allow the court to review the proceedings concerning the trial court's determination of interest on the delinquent child support, and the Supreme Court affirmed that ruling. *Id.*

Similarly, the transcript presented to us in this appeal demonstrates that Joseph filed a motion to set aside the dissolution decree, that the motion was accompanied by a notice of hearing, and that a hearing was conducted by the district court. However, there is no bill of exceptions concerning that hearing. Indeed, there was no praecipe for any bill of exceptions filed.

The record presented is not adequate for us to conclude that the district court actually denied any request to present evidence, let alone whether any such ruling would have been erroneous. There is nothing presented to us to demonstrate that Joseph ever requested to present evidence, to demonstrate what objections might have been made or been proper to any such request, or to demonstrate the basis for the court's ruling on any such request. Simply put, we cannot find error by the trial court concerning something that the record does not indicate to us the court actually did. This assignment of error is meritless.

### 2. DENIAL OF MOTION TO SET ASIDE

Joseph next asserts that the district court erred in denying his motion to set aside the dissolution decree. He asserts that the terms of the consent decree should be considered presumptively invalid and unconscionable. We find no merit to this assignment of error.

Appellate review of a judgment concerning modification of a marital dissolution decree is de novo on the record to determine whether the trial court abused its discretion concerning the modification. *Robbins v. Robbins*, 3 Neb. App. 953, 536 N.W.2d 77 (1995), *overruled on other grounds, Smeal Fire Apparatus Co. v. Kreikemeier*, 279 Neb. 661, 782 N.W.2d 848 (2010). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

As Joseph notes, the Nebraska Supreme Court has recognized that consent decrees "'will be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats.'" *Clatterbaugh v. Clatterbaugh*, 182 Neb. 160, 163, 153 N.W.2d 749, 752 (1967), quoting *Pittman v. Pittman*, 148 Neb. 864, 29 N.W.2d 790 (1947). In the case of consent decrees, the courts are to see that no unconscionable advantage is taken through fraud or intimidation, or by reason of ignorance, passion, or improvidence. *Id.*

In both *Robbins v. Robbins, supra*, and *Clatterbaugh v. Clatterbaugh, supra*, the appellate courts upheld determinations by the lower court that a dissolution decree should not be vacated or modified based upon similar assertions to those made by Joseph in the present case. In *Robbins*, this court held that there was no evidence of fraud and no assertion of fraud and that there was no evidence that the appellant had been unconscionably taken advantage of. In *Clatterbaugh*, the Supreme Court could not find that the appellant had been unconscionably

taken advantage of, although the court did modify a portion of the alimony provision of the dissolution decree. In *Clatterbaugh*, the Supreme Court specifically recognized that the benefits received by the appellee pursuant to the dissolution decree were "probably greater than she might have secured in the absence of such an agreement" but concluded that there was nothing to indicate any fraud or misrepresentation practiced upon the appellant. 182 Neb. at 162, 153 N.W.2d at 751.

In the present case, Joseph brought this action seeking to vacate a consent decree. He brought this action approximately 18 months after the decree was entered by the court. In his motion to set aside, Joseph made no assertion that he was the victim of any fraud or misrepresentation and made no assertion that he had not understood or appreciated any of the terms of the consent decree. He merely asserted that he "was not represented by counsel" and that the agreements in the consent decree "are unconscionable."

A review of the consent decree and its attachments indicate that, at the time it was entered, Joseph had a total monthly income of $22,000. There is nothing presented to suggest that he was unable to afford counsel, and the trial court found that he chose to appear pro se even though he had the financial resources to retain counsel. The mere fact that Joseph was not represented by counsel and changed his mind about the terms of the consent decree is not persuasive. See, *Clatterbaugh v. Clatterbaugh, supra*; *Hubbard v. Hubbard*, 176 Neb. 768, 127 N.W.2d 503 (1964).

In addition, although it is certainly true that Joseph agreed to a variety of financial terms in favor of Kelly as a result of the consent decree, the consent decree and its attachments indicate that he had the financial resources to comply with the terms he had agreed to. Joseph also was awarded retirement accounts, a potentially income-producing marital asset in the form of a business, and the parties' real property. We cannot find an abuse of discretion by the district court in concluding that the terms of the consent decree were not unconscionable on their face.

Finally, the consent decree includes a provision whereby Joseph "expressly certifie[d] that [he had] entered into [the consent decree] upon mature consideration and after ample opportunity to seek the advice of counsel" and specifically represented that the consent decree had "not been obtained by duress, fraud or undue influence by any person" and that the consent decree was entered into upon a belief that, rather than trial, "settlement was a more advantageous solution." Joseph made no assertions in his motion to vacate to contradict any of these express representations, and there is no record presented to us to indicate that Joseph has asserted any fraud, misrepresentation, ignorance of consequences, or misunderstanding of any of the terms of the consent decree at the time he agreed to its terms. This assertion of error is meritless.

## V. CONCLUSION

We find Joseph's assertions of error to be meritless. He has not presented an adequate record to suggest the lower court denied him any opportunity to present evidence, and he has not presented any record to demonstrate that the court abused its discretion in refusing to vacate the consent decree. We affirm.

AFFIRMED.