SOPHIA C. M. SMITH, APPELLANT, v. CHARLES KOBER ET AL., APPELLEES.

FILED JUNE 12, 1922.   No. 22029.

1. Landlord and Tenant: EVICTION. Evidence examined, and *held* that plaintiff's demand for possession and threat of eviction unless defendants released their rights under a void oral lease and enter into a written lease which changed the terms of the contract and was for a shorter period amounted to an eviction under the original oral lease.

2. ———: ORAL LEASE. An oral lease of land for five years, although unenforceable at law, is a sufficient consideration for work and labor performed and materials furnished by a tenant in reliance thereon.

3. ———: IMPROVEMENTS. A tenant who makes improvements on the demised premises for a consideration from the lessor may recover the value of such improvements upon the failure of the consideration.

4. ———: ———. A tenant in possession under a verbal lease who puts permanent and valuable improvements on the land under the promise of a written lease is entitled to recover the value of such improvements in the event that the landlord refuses to execute the written lease, where there has been an eviction.

5. Statute of Frauds: ORAL LEASE: IMPROVEMENTS. Where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another by a parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed to take and hold the property thus improved and enriched, without compensation for the additional value which those improvements have conferred upon the property. This rule rests upon the broad principle that

it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act.

6. ———: ———: ———. If a lease is invalid by reason of the statute of frauds, and on the faith of its validity the lessee makes improvements of which he is denied the benefit, an equitable right of compensation for the improvements will be recognized.

7. Evidence examined, and *held* that defendants' counter-claim was valid and that it was properly proved.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*J. E. Willits,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

STAUFFER, District Judge.

Action for land rent under oral lease. Appellant, who will hereafter be referred to as plaintiff, alleges that she was the owner of about 1,200 acres of land in Lincoln county, Nebraska, which she leased under an oral agreement during the year 1918 to the appellees, hereafter called defendants, for a period of one year commencing March 1, 1919, and ending March 1, 1920; that the defendants agreed to pay as rent therefor $200 for the pasture land and to deliver one-third of all the crops raised upon said land in Sutherland as crop rent. She further alleges that the defendants converted to their own use her share of the corn, amounting to $826.18, and her share of the wheat, amounting to $1,040 and had failed to pay the $200 due for pasture rent, making in all a total of $2,066.18, for which sum, with interest from October 1, 1919, at 7 per cent. and costs of suit she prays judgment.

The defendants filed an answer and counterclaim. They admit they raised and sold corn of which the share of the plaintiff amounted to $676.17, and wheat of which the share of the plaintiff amounted to $910.19, and that they owe $200 for pasture rent, making a total sum of

$1,786.36. Defendants further, by way of counterclaim, allege that said oral agreement of lease was for a period of five years, and that under said agreement they were to do and perform certain improvements on the lands; that, in reliance upon a five-year oral lease, they went into possession of said premises and did perform work and labor and furnish the material necessary for improving said premises; that the plaintiff, in disregard of the oral agreement of lease for five years, proceeded to sell the said land to one Harry Wright and delivered possession thereof to said Wright March 1, 1920, making no reservation in her deed to him of the improvements placed on the land by the defendants, and that said Harry Wright now claims all of said improvements placed thereon; that said defendants, in compliance with their oral agreement of lease, repaired the fences and houses, built a barn and outbuildings upon the premises and repaired other buildings, and performed work and labor in connection therewith of the reasonable value of $1,060; that said defendants furnished material used in said repairs and paid for same the sum of $156.50, and further placed upon said premises, aside from the improvements above designated, new fences, furnishing the labor and material therefor, which labor and materials were of the reasonable value of $250; that, by reason of the wrongful termination of said lease by plaintiff and for the failure to reserve said improvements for the defendants, said defendants are entitled to receive from the plaintiff the sum of $1,466.50, which should be allowed as a credit upon the rent which they admit owing to the plaintiff; that after allowing the said credit there is a balance due and owing to plaintiff of $319.86, which sum the defendants tender into court for the use and benefit of the plaintiff.

The plaintiff filed a motion to strike all of the counterclaim of the defendants, for the reason that the same is irrelevant, redundant and not constituting any defense to the action of the plaintiff, which motion was overruled by the trial court. Thereupon plaintiff, for reply to the an

Smith v. Kober.

swer and counterclaim of defendants, alleges that the same does not constitute a defense to the cause of action of plaintiff; that said oral agreement for five years was not made, but, if made, it would be void and within the statute of frauds except for the period of one year; that there was an agreement that defendants would do the work and plaintiff was to pay and has paid for posts and wire necessary to inclose 160 acres; that the work and labor, if any, performed by defendants was voluntary and for which the plaintiff never agreed to pay in any manner; that said defendants occupied said premises for 1918 and the material was furnished and paid for during that year by the plaintiff; that on July 21, 1919, plaintiff and defendants entered into a written lease for a term of 12 months beginning March 1, 1920, and ending on March 1, 1921, whereby defendants agreed to pay for the use of said premises $300 for pasture land and one-third of all crops raised, to be delivered to market free of charge; that said written lease definitely fixed the length of term of said oral lease as ending March 1, 1920; that the sale of said premises while the defendants were in possession thereof could not in any manner affect the legal rights of defendants. Plaintiff renews the prayer of her petition.

The case was tried to a jury, verdict returned and judgment entered thereon in favor of plaintiff and against the defendants in the sum of $419.86, interest $38.67, total $458.53, from which judgment the plaintiff has prosecuted this appeal.

The defendants in this case are both family men. In the summer and early fall of 1917 the defendants, pursuant to their oral lease, went out from Adams county to the land of plaintiff in Lincoln county and sowed wheat thereon. They moved to the land with their families in March, 1918. There were two sets of very meager improvements upon the land. The houses were almost uninhabitable. There were no arrangements for sheltering stock. The fences were in so dilapidated a condition that defendants were obliged to herd their cattle whenever they turned

them out to graze. The condition of the premises was known to the defendants prior to their entering into the oral lease. They needed better living quarters, shelter for their stock and fences around the pastures. They agreed to make the improvements, plaintiff buying the material therefor. They insisted, however, on a written lease for five years. They did not propose to improve the place and have their tenancy for any less term. Plaintiff refused to give defendants a written lease, on account of the condition of the title. Defendants claim that plaintiff leased the land to them for five years. Plaintiff insists that she did not give them a lease for more than one year, although she testified that defendants stated they wanted the place for five years, and that "I told them if we agreed they could stay as long as they wanted." The defendants greatly enhanced the value of the improvements upon the land. They hauled 26 loads of material 10 miles. They brought some material with them from Adams county. They worked many weeks in putting the place in good condition. The plaintiff contends that defendants were to do this work and labor gratis. Defendants maintain that they exerted themselves thus for the sole reason that they were to remain on the land a period of five years under their oral agreement with the plaintiff. The defendants settled with the plaintiff for the improvements made during the year 1918 by taking them out of the rent. Labor, however, was not mentioned nor settled for. The material for the 1919 improvements, consisting of hog fencing. chicken house, garage and cattle sheds were paid for entirely by the defendants. The plaintiff paid nothing for the material used for these later improvements, nor anything for the labor of defendants.

July 21, 1919, plaintiff insisted upon the defendants signing a written lease. At that time her place had been improved by the labors, and partly at the expense, of defendants. The defendants signed the written lease for one year upon threat of actual dispossession on March 1, 1920, if they did not sign. They signed the lease only after

having been advised by counsel that they could not hold the premises under the oral lease as the same was void under the statute of frauds. Their testimony is to the effect that they stated at the time they signed the lease that they would look to plaintiff for payment for the improvements. There can be no question but that the defendants were evicted. As soon as the plaintiff had canceled the five-year oral agreement under threat of immediate dispossession and had secured the execution of the written lease by the defendants, she sold the land to Mr. Wright by deed, in which no reservations were made as to the improvements placed by the defendants upon the premises. By the execution of this deed she took possession of the fruits of the labors expended and materials furnished by the defendants in improving her land, in reliance upon the five-year term, and placed them beyond the reach of defendants. She enjoys the benefits thereof, having received a greatly enhanced purchase price for the land.

It is to be noted that the defendants did not voluntarily release their rights under their oral lease and enter into the subsequent written lease. They contend that the demand for possession and the threat of eviction, unless they released their rights under the void oral lease, and enter into a written lease, changing the terms of the contract, and for a shorter period, amounts not only to an eviction under the original oral lease, but that it shows conclusively that possession was not voluntarily given up under the oral lease. We find that the record bears out the defendants in this particular.

The defendants do not claim that the oral lease for five years was a valid agreement which was enforceable at law. They do contend, however, that such an agreement was a sufficient consideration for the work and labor performed and materials furnished by them in reliance thereon. The following authorities indicate that defendants' position thereon is well taken:

"The tenant, however, who makes improvements on the

demised premises upon a consideration from the lessor may recover the value of such improvements upon the failure of the consideration." 24 Cyc. 1105, citing *Yates v. Bachley*, 33 Wis. 185, where the following legal principle is laid down: "A tenant in possession under a verbal lease, who puts permanent and valuable improvements on the land under a promise of a written lease, is not entitled to recover the value of such improvements merely because the landlord refuses to execute the written lease, where there has been no eviction."

We take it that the negative of the above proposition would be that, in the event that there has been an eviction, the tenant would be entitled to recover for the value of the permanent improvements which he has placed upon the land during his occupancy under an oral lease, where the landlord fails to execute a written lease under an oral agreement to do so and evicts the tenant. In the case at bar there has been an eviction. Hence, the above rule would apply.

*Ballard v. Boyette*, 171 N. Car. 24, lays down the following principle: "Where the owner of land makes a parol contract to sell it, he cannot repudiate the agreement and retain benefits received, whether money on the purchase price or the enhanced value of the land by reason of improvements."

Allen, J., in writing the opinion in that case quotes the rule from *Pitt v. Moore*, 99 N. Car. 85, 90, and used the following language: "Whatever may have been the ancient rule, it is now well settled by many decisions, from *Baker v. Carson*, 21 N. Car. 381, in which there was a divided court, but Ruffin, C. J., and Gaston, J., concurring, and *Albea v. Griffin*, 22 N. Car. 9, by a unanimous court, to *Hedgepeth v. Rose*, 95 N. Car. 41, that where the labor or money of a person has been expended in the permanent improvement and enrichment of the property of another, by a parol contract or agreement which cannot be enforced because, and only because, it is not in writing, the party repudiating the contract, as he may do, will not be allowed

to take and hold the property thus improved and enriched, 'without compensation for the additional value which these improvements have conferred upon the property,' and it rests upon the broad principle that it is against conscience that one man shall be enriched to the injury and cost of another, induced by his own act."

*Ferrell v. Ormand Mining Co.*, 176 N. Car. 475, lays down the following principle: "The lessor may terminate a parol lease of land to 'continue so long as the lessee may pay the agreed rent,' * * * but a further agreement to allow the lessee to remove improvements he has placed thereon, or compensate him therefor, is not an interest in lands coming within the meaning of the statute of frauds, and upon the lessor's terminating the agreement he must compensate the lessor therefor to the extent the improvements have enhanced the value of the land, both under the terms of the parol agreement and under the equitable principle that, having acquiesced in and received the benefit of the agreement, he must pay therefor."

In the above case the plaintiffs claimed to have leased from the defendant the land in question under an oral agreement. The plaintiffs were to hold it during the life of one of plaintiffs, and the tenant was to clear the land, erect buildings and improve the land by cultivating the same and planting fruit trees, and in consideration of such work and improvements the defendant agreed that the plaintiffs should remain on the land so long as they might wish, paying the usual rent for said premises from year to year, and that the defendant would permit plaintiffs to remove all the buildings from said land and other improvements placed thereon by the plaintiffs if they should desire to leave, or pay for said improvements whatever they were reasonably worth.

Clark, C. J., discussing the rights of the tenants to recover for improvements, said: "This right arises, not only upon the terms of the contract or lease, but upon the equitable principle that, having acquiesced in the occupation of the premises by the plaintiffs, and having accepted

the benefit of such improvements, while the defendant could terminate the lease, the defendant must compensate the plaintiffs for the benefits put upon the land by their labor in reliance upon the verbal agreement, which the jury have found to be as stated by the plaintiffs."

Judge Clark also refers to the broad equitable principle that allows a recovery for benefits which the tenant has placed upon the land with the knowledge of the landlord.

This equitable principle is well stated in 6 R. C. L. 936, sec. 319, as follows: "The very idea of rescinding a contract implies that what has been parted with shall be restored on both sides. That one party should be released from his part of the agreement, and that he should be excused from making the other party whole, does not seem agreeable to reason or justice. Hence, the general rule is that a party who rescinds an agreement must place the opposite party in *statu quo*"—citing several cases.

In 16 R. C. L. 794, sec. 290, we find the following principle laid down: "In the absence of any agreement between the parties there is no obligation on the part of the lessor to pay the lessee for improvements erected by the latter upon the demised premises, though the improvements are such that by reason of their annexation to the freehold they become a part of the realty and cannot be removed by the lessee. On the other hand, if the lease is invalid by reason of the statute of frauds and on the faith of its validity the lessee makes improvements of which he is denied the benefit, an equitable right to compensation for the improvements has been recognized. So it has been held that where a son, in possession of his father's land as a tenant from year to year, makes improvements upon the land in pursuance of the father's oral promise that the land shall be his upon the father's death, he is entitled to recover the reasonable value of the improvements made, on the death of his father without fulfilling his promise; this is in pursuance of the rule that where a party to an agreement, void by the statute of frauds, fails to execute

Smith v. Kober.

it, the price advanced, or the value of articles delivered in part performance of the contract, whether in money, labor, or chattels, may be recovered back, as in such cases the law raises, by implication, a promise to pay advances made upon the faith of the contract, and for which no consideration has been paid"—citing *Smith v. Admrs. of Smith*, 28 N. J. Law, 208, 78 Am. Dec. 49.

The main issue presented in the instant case was whether or not the parties entered into an oral lease for five years. The jury so found. The record seems conclusive in favor of defendants thereon. With this circumstance resolved in favor of the defendants, we find no error in the record nor in the instructions of the court. Defendants' theory of the case was adopted by the trial court and was correct. The plaintiff in the trial court accepted the defendants' figures as to rentals due. She failed to introduce any evidence contradicting the testimony of defendants as to the value of work and labor performed and materials furnished, the fruits of which have all been accepted by the plaintiff and profited in by her. The plaintiff, without any provocation or warrant therefor, although acting within her bare legal rights, having canceled the oral lease and evicted the defendants and having sold and delivered possession of the premises to a third party, making no reservation in the deed of conveyance as to improvements placed upon the premises by the defendants so that they might in small measure recover their losses, and thus enjoying the full benefits therefrom herself, is required to reimburse the defendants therefor. Defendants had a valid counterclaim and it was properly proved.

The judgment of the court upon the findings as returned by the jury is

AFFIRMED.