OLGA FOUST, APPELLEE, v. CLIFFORD L. FOUST, APPELLANT.

178 N. W. 2d 284

Filed June 19, 1970. No. 37465.

Vrana & Gless, for appellant.

Harry E. Stevens, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Clifford L. Foust, filed an application to vacate or modify a decree of divorce as to a property settlement agreement. The agreement had been executed by the parties, approved by the court, and incorporated in the decree. The district court denied the application and the defendant appealed.

On April 19, 1968, the Dodge County district court entered a decree granting a divorce to the plaintiff, Olga Foust, from the defendant, Clifford L. Foust. The decree incorporated and approved a property stipulation and settlement signed by the parties, each of whom was represented by counsel.

Essentially, the property settlement agreement approved by the court assigned all of the real estate owned by the parties to the plaintiff, subject to all existing mortgage indebtedness, and required her to pay to the defendant the sum of $6,937.50. One thousand nine hundred dollars of this amount was to be paid into court immediately upon approval of the agreement and the balance 6 months thereafter. The $1,900 was paid into court as required and was accepted by the defendant.

On October 18, 1968, the defendant, by new counsel, filed his application to set aside or modify the decree as to the property division on the ground that he had not signed the agreement voluntarily, but under duress. He alleged that it was unfair, unjust, unconscionable, and inequitable, and granted to the plaintiff an excessive portion of the property of the parties.

Some additional background may be necessary. There were four houses involved, including the house in which the plaintiff lived. There were also two vacant lots. The plaintiff had inherited from her family prior to 1940, a half interest in one of the four houses, and had also

inherited four lots on which at least two more of the houses were located.

Negotiations for the property settlement were carried out by the parties with their attorneys and completed after at least three separate meetings. In the opinion of defendant's former attorney, the value of all the real estate at the time of the property settlement agreement was $26,500. At the hearing some months later, defendant's evidence placed the value between $31,600 and $36,250. The actual amount of the mortgage indebtedness against the real estate on April 1, 1968, was $11,-739.82. Whichever evidence of value may be accepted, the value of the property inherited by the plaintiff was approximately one-third to one-fourth of the total. The parties took into consideration the fact that plaintiff had inherited property, and plaintiff assumed and agreed to pay the mortgage indebtedness of $11,739.82.

In addition to the evidence going to the issue of value, the evidence also showed that the plaintiff had been assisting in the financial support of the defendant for an extensive period of time prior to the divorce, and had operated a cafe and worked full time to contribute to the family property at least since 1949.

The evidence wholly fails to support the defendant's contention that he did not sign the property settlement agreement voluntarily. His contention that the settlement was unjust, unconscionable, or oppressive is destroyed by the evidence. The testimony of counsel who represented the defendant in the divorce and at the time of execution of the property settlement agreement was specific and unqualified that the property settlement was not only fair and reasonable, but that it was voluntarily executed by the defendant.

While proceedings to vacate or modify a divorce decree may be instituted within 6 months after rendition, good reason must be shown for any such action and the control of the decree is within the sound judicial discretion of the trial court. See, Colick v. Colick, 148 Neb.

201, 26 N. W. 2d 820; Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737.

A property settlement agreement will ordinarily be respected by the courts as presumably fair and valid, and a just and equitable adjustment of the matters of which it treats. See, Clatterbaugh v. Clatterbaugh, 182 Neb. 160, 153 N. W. 2d 749; Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790.

Here the evidence is convincing that there was no fraud or inequity. The evidence is also convincing that the property settlement agreement was fair and reasonable. Where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree from which no appeal is taken, ordinarily the decree will not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity.

The decree of the district court was correct and is affirmed. An attorney's fee of $250 is allowed to plaintiff's attorney for services in this court.

AFFIRMED.