RUTH M. CORN, APPELLANT, v. ROBERT K. CORN, APPELLEE.

208 N. W. 2d 678

Filed June 22, 1973. No. 38840.

Collins & Collins, for appellant.

Harold W. Kauffman and William J. Dunn of Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a divorce proceeding. The trial court entered its decree declaring the marriage irretrievably broken and dissolved the marriage. The plaintiff, Ruth M. Corn, has appealed. The only issues involve the property division and the alimony provisions of the decree.

The parties were married on August 18, 1945. The two children born to the marriage are now married adults, neither of whom is dependent upon the parties. The wife was 47 years of age at the time of the hearing. Prior to the marriage she had been employed as a telephone operator and in a bomber plant. During the course of the marriage she had been predominantly a housewife. She has only a high school education and has received no specialized training. Commencing in

1961-62, she was employed as a nurse's aid in a hospital at various times. Her annual earnings from 1965 to 1970 ranged from $628.59 to $3,146.26, and in 1970, her earnings were $1,835.59. She had to quit her employment because of a broken leg and was not employed in 1971. She testified that she has not been able to work since that time. She again sustained a compound fracture of the leg in February 1972, and in August the treating physician reported her unemployable for the remainder of that year. She suffered from obesity and was also a diabetic under a doctor's care.

The husband was also 47 years old and had been the postmaster in Papillion, Nebraska, for the preceding 24 years. His salary for 1971 was slightly over $14,000. He also bought and sold real estate. He testified that he was contemplating voluntary retirement from the postal service on December 31, 1972, in which event he would be eligible to receive retirement compensation of $590 per month. At the time of argument in this court he had retired. There is no evidence of any health problems nor of any disability which would affect his earning ability.

At the time of dissolution of the marriage, the parties owned their home valued at between $30,000 and $35,000 on which there was a mortgage indebtedness of approximately $16,000. The monthly payments on the mortgage indebtedness are $177. The home contained two furnished apartments presently rented. The monthly rental income from the apartments is $170 and the expense with respect to each unit is approximately $35 per month. The furniture in the home and in the apartments was apparently of nominal value and not shown. There was also a 1970 Chevrolet automobile, one share of stock of nominal value, and two life insurance policies on the husband's life, one of which had no cash value and the cash value of the other was unknown. At the time of the marriage, the wife owned real estate valued at $10,000. Proceeds from the sale of those properties

was traced into the home of the parties.

The decree of the District Court awarded the wife the home of the parties, including the furnishings and personal property, subject to the $16,000 mortgage indebtedness; required her to make all payments for principal, interest, taxes, insurance, and other expenses in connection with the property; and authorized her to retain all rents from the apartments in the home. The decree also made the property subject to a second mortgage to be given by the wife to the husband for the sum of $4,000, representing the equity awarded by the court to the husband. The $4,000 was to be due and payable on the 1st day of October 1982, together with interest at the rate of 5 percent per annum.

The husband received the $4,000 mortgage lien on the home, and a one-sixth interest in two lots presently the home of his mother. He also was awarded the automobile and the share of corporate stock. The decree also required the husband to pay alimony in the sum of $200 per month until either 150 payments or $30,000 has been paid, or until the death or remarriage of the wife or the death of the husband, whichever occurs first. The husband was also required to maintain in force a $10,000 life insurance policy and a group health and accident policy currently in effect with the wife as beneficiary.

The appellant first asserts that a memorandum dated June 5, 1972, from the Postmaster General to all postal employees dealing with early retirement opportunities for postal employees in 1972 and incorporating a schedule of retirement annuities was hearsay and improperly admitted. The Uniform Photographic Copies of Business and Public Records as Evidence Act specifically extends to any department or agency of government. A copy or reproduction of any memorandum kept or recorded in the regular course of business or activity, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or admin-

istrative proceeding. See § 25-12,112, R. S. Supp., 1972. The testimony of the husband who was himself a postmaster was more than sufficient to satisfactorily identify the memorandum here.

The appellant's principal contention is that the division of property and the alimony award are insufficient under the circumstances. In making the property division the District Court assumed a $16,000 equity in the home. He first credited the wife with the $10,000 of property brought by her to the marriage. At the same time, he reduced that allowance by one-half of a $4,000 loss on the sale of an intervening residence. The remaining equity he divided between the parties and required the wife to execute a $4,000 mortgage to the husband with interest at 5 percent payable approximately 10 years in the future. At the same time he required the husband to pay alimony to the wife which, if both parties lived, might extend beyond the due date of the mortgage. It should be noted also that the property division becomes a judgment not subject to modification, while the alimony payments are modifiable under changed circumstances as well as terminable in any event upon the death or remarriage of the wife as well as upon the death of the husband.

The wife was improperly charged with any portion of the loss which occurred in connection with the sale of one in a series of residences. The only critical issues here were the amount of the wife's original contribution and the current value of the property accumulated. There is no iron-clad requirement that property must be divided equally after allowances for the separate contributions of the parties. Particularly is that true where alimony provisions are also included in the decree and the combined provisions require payments from each party to the other. While a property division is technically separate and distinct from alimony, the circumstances may well require that they be considered together. A solution which involves secondary liens

and deferred payments by each party to the other is generally impracticable. It adds unnecessary complications to real estate titles and the use or sale of a residence, particularly where it extends over a period of years and the secured lien represents only a small percentage of the overall value of the property. Under the circumstances here, the provisions for the second mortgage from the wife to the husband should be eliminated.

The appellant also asserts that the alimony award was insufficient. Section 42-365, R. S. Supp., 1972, a part of the so-called No-Fault Divorce Act of 1972, provides in part: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party." It should be noted that this section also provides that orders for alimony may be modified or revoked for good cause shown.

The rules for determining alimony or the division of property in a divorce action provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case, and courts will consider all pertinent facts in reaching an award that is just and equitable. Sees v. Sees, 188 Neb. 769, 199 N. W. 2d 496.

The evidence here establishes without contradiction that the wife was infirm, in poor health, and currently unemployable. It establishes also that she had no special training or skills and that for the great majority of the 27 years duration of the marriage, she had not been employed outside the home. The husband voluntarily retired from the postal service at age 47. There is no evidence that he was disabled or in poor health. Under the circumstances here, the alimony award was reason-

able. The fixing of the amount of alimony rests in the sound discretion of the court. Hoffmann v. Hoffmann, 188 Neb. 408, 197 N. W. 2d 373. That discretion was not abused here.

The decree of the District Court is modified by assigning all right, title, and interest in and to the home of the parties to Ruth M. Corn, subject to the existing first mortgage indebtedness, and eliminating all provisions requiring her to give a $4,000 second mortgage to Robert K. Corn. As so modified, the decree is affirmed.

The appellant is allowed $500 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.