ROBERTA DAWN KLABUNDE, APPELLEE, V. WILLIAM E. KLABUNDE, APPELLANT.

234 N. W. 2d 837

Filed November 6, 1975. No. 39950.

James R. Welsh of Riedmann & Welsh, for appellant.

Albert L. Feldman of Stern, Harris, Feldman, Becker & Thompson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under section 42-372, R. R. S. 1943, to vacate and modify the decree in an action for dissolution of a marriage.

The decree which was entered on June 25, 1974, dissolved the marriage between the parties; awarded the custody of the minor children to the petitioner; and approved a property settlement agreement which the parties had entered into. The trial court divided the property and fixed the child support in accordance with the property settlement agreement. The respondent ap-

peals from an order denying his application to vacate the decree.

The application alleged that the property settlement agreement was unconscionable and oppressive in that the petitioner was given a grossly excessive portion of the property; that the division of the property was inequitable; that unfair advantage was taken of the respondent in making the agreement; and that the agreement did not represent his intention or understanding.

The parties were married in 1968. At the time the action was commenced the petitioner was 32 years of age and the respondent 30 years of age. The parties had two minor children who were 3 years of age and 1 year of age. The respondent operated a lawnmower and small engine sales and service business. The petitioner had assisted in the operation of the business during the marriage. The income tax returns which are in the record show the parties had an adjusted gross income of $6,647.66 in 1971, $17,129.45 in 1972, and $16,188.70 in 1973.

Under the property settlement agreement the petitioner was awarded the residence property, the household belongings, a 1965 Oldsmobile, and $4,000. The respondent was awarded the business including real estate and inventory, two automobiles, securities having a value of $1,000, and other miscellaneous property. The property awarded to the petitioner had a value of approximately $34,250. The property awarded to the respondent had a value of approximately $35,250. Child support was fixed at $300 per month and the respondent was required to maintain health and accident policies for the children.

The residence property which was valued at $27,000 was subject to a mortgage indebtedness of approximately $18,000. As a part of the property settlement the respondent agreed to liquidate this indebtedness by making the scheduled monthly payments or by prepayment of the principal. The respondent was also required to

pay the real estate taxes and maintain fire, hazard, and comprehensive insurance on the property, and maintain a term insurance policy on his life equal to the unpaid principal amount of the mortgage.

Where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree from which no appeal is taken, ordinarily the decree will not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity. Foust v. Foust, 185 Neb. 656, 178 N. W. 2d 284. A refusal by the trial court to set aside a decree within the 6-month period will not be reversed on appeal in the absence of an affirmative showing of an abuse of discretion. Miller v. Miller, 190 Neb. 816, 212 N. W. 2d 646.

The evidence in this case consisted of the testimony of the respondent and the correspondence between counsel during negotiations for a settlement. The evidence does not support the allegation that unfair advantage was taken of the respondent in making the agreement or that the agreement which he signed did not represent his intention or understanding. The respondent was represented by counsel in the dissolution proceeding and the property settlement agreement was the result of negotiation between the parties and their counsel through a series of offers and counteroffers.

Pittman v. Pittman, 148 Neb. 864, 29 N. W. 2d 790, cited by the respondent, involved a divorce action in which the defendant had not been represented by counsel. The plaintiff there had received substantially all the property plus $50 per month for the rest of her life or until remarriage. The defendant had a yearly income of $2,400. This court found the plaintiff had obtained an unconscionable advantage by reason of the ignorance of the defendant.

The property division which was made in this case was approximately equal except for the requirement

that the respondent discharge the mortgage indebtedness on the residence property. This was an obligation which the respondent voluntarily assumed.

There is a suggestion in the record that the petitioner would have accepted a fixed amount, payable in installments, which would have amounted to about one-half of the obligation assumed by the respondent if he pays the mortgage by making the scheduled monthly payments. On cross-examination the respondent was asked if he had rejected such a proposal against the advice of both counsel. His answer was not responsive except he admitted recalling the conversation. Later he was asked if he was willing to pay a property settlement of $5,000 in cash plus $200 a month for 100 months, but an objection by the respondent's counsel was sustained.

A party cannot retry the issues in the original proceeding upon a motion to vacate. Miller v. Miller, *supra*. The record fails to show the refusal to vacate the decree was an abuse of discretion. The judgment of the District Court is affirmed.

AFFIRMED.