FRANK B. LIENEMANN ET AL., APPELLANTS, v. HERMAN LIENEMANN ET AL., APPELLEES.
249 N. W. 2d 902

Filed January 26, 1977. No. 40741.

Dixon G. Adams, for appellants.

No appearance for appellees.

J. Patrick Green of Eisenstatt, Higgins, Kinnamon, Okun & Stern, amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an appeal from an order of the trial court modifying its judgment in partition after the final adjournment of the term of court at which its judgment was rendered. We reverse and reinstate the original judgment.

This is a partition action commenced by four of the children of August Lienemann, deceased, and the wife who is sole devisee of a deceased child of August Lienemann. Defendants are a sixth child and his spouse, and the spouses of three of the plaintiffs.

Defendants Herman Lienemann and wife filed an answer alleging the property was involved in a trust created between their father and Frank Lienemann, as trustee; that the trust was terminated; and that partition was not available to the plaintiffs. Over the objection of Herman, plaintiffs were permitted to file an amended and supplemental petition, attaching a copy of the trust document and alleging that the trust was terminated.

The trust, which was entered into on March 2, 1963, was to terminate upon the happening of one of the following contingencies, whichever event occurred first: (1) At the end of a period of 5 years from the date of creation of this trust; (2) upon the death of either George Lienemann or Frank B. Lienemann; or (3) at such time as all the then beneficiaries of the trust shall

unanimously agree in writing to terminate the trust. The trust was to terminate unless its existence was extended for a further period by a unanimous vote of the then beneficiaries.

By its terms, the trust terminated at the end of a period of 5 years, which would have been March 2, 1968. The partition action was filed December 20, 1974. The question of the termination of the trust was specifically made an issue in the partition action. On the day of the partition hearing, June 27, 1975, a stipulation was filed in the action by both the plaintiffs and the defendants, stipulating and agreeing that the action proceed to judgment in partition and for the appointment of a referee as prayed for in the original petition and the amended and supplemental petition of the plaintiffs. The stipulation was entered into by all the beneficiaries of the trust. Judgment was entered in partition. It determined the trust had terminated. Judgment was entered in conformity with the stipulation.

A referee was appointed and qualified. He reported the land could not be partitioned in kind. The court ordered a sale. Sale was held on October 20, 1975, and on November 7, 1975, the court confirmed the sale and ordered the referee to convey.

Prior to the conveyance, but after the final adjournment of the term at which the judgment was rendered, on March 2, 1976, the court on its own motion issued an order to show cause why its judgment in partition should not be modified, attaching thereto its proposed modification. The court had its order to show cause served on some of the parties or their attorneys and scheduled hearing on the order for March 5, 1976. All parties resisted the court's proposed modification. On March 5, 1976, in the absence of the attorney for the plaintiffs, the court held a hearing in chambers on its order to show cause and entered an order finding that its proposed order modifying the judgment in partition was correct, but delayed the entry thereof.

On March 15, 1976, the court held another hearing at which the attorney for the plaintiffs was present. On March 17, 1976, the court entered an order captioned "Modification of Judgment Declaratory Judgment Appointment of Referee." This order did the following: (1) Set aside the judgment of June 27, 1975. (2) Quieted title in the trustee. (3) Held that the trust was terminated. (4) Confirmed the shares of the parties. (5) Reconfirmed and ratified its order of June 27, 1975, as to the appointment of the referee. (6) Reconfirmed and ratified all actions of the referee pursuant to his appointment including the sale and confirmation. (7) Substituted the trustee as plaintiff. (8) Ordered all parties and the trustee to convey to the purchaser at the sale. (9) Ordered the referee to convey to the purchaser at the sale.

By March 17, 1976, two terms had passed since the entry of the judgment in partition on June 27, 1975. The trial court purported to enter the judgment in accordance with subsection (3) of section 25-2001, R. R. S. 1943, presumably based upon the fact that the trustee could have sold the property under the trust instrument after its termination and that partition was unnecessary.

The trustee, who was one of the plaintiffs, had 6½ years to sell the property. He failed, neglected, or was unable to do so. The termination of the trust was a specific issue in the original action, and all the beneficiaries joined in requesting judgment in partition. The trust provided that upon termination of the trust the real estate was to be sold by the trustee and the net proceeds divided equally among the beneficiaries. In the event of the death of a beneficiary prior to the termination of the trust and sale of the trust property, the share of such deceased beneficiary was to be paid to the lawful heirs, devisees, or legatees of such deceased beneficiary.

Ordinarily, where the sale of lands and distribution

of the proceeds among designated persons are expressly directed or impliedly required by the provisions of an instrument, the land is considered as converted thereby into personalty, and no suit for partition of the lands can be maintained. It has been held, however, that a partition sale may and should be ordered by the court where there has been inaction for an unreasonable length of time and no sale has been made or attempted to be made. 68 C. J. S., Partition, § 43, p. 63. Further, although land is directed to be converted into personalty, it is a general rule that all the persons entitled to the property and to participate in the proceeds in the event of its sale may elect to treat it as real estate, in which event it is reconverted into realty and subject to partition as such. 68 C. J. S., Partition, s. 43, pp. 64, 65.

The trust document was before the court at the time of the entry of the judgment in partition. Six and one-half years is an unreasonable length of time to wait for a sale, and the stipulation by all the beneficiaries to reconvert the personalty into real estate justified the judgment in partition. On the record, we do not believe section 25-2001, R. R. S. 1943, was applicable herein.

Our law is well settled. After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment except for the reasons stated and within the time limited in section 25-2001, R. R. S. 1943. Meier v. Nelsen (1953), 156 Neb. 666, 57 N. W. 2d 273. There is no need to consider the other assignment of error.

We find the trial court was without power in this proceeding to modify its judgment, rendered at the previous term. We therefore reverse the judgment of the trial court and remand the cause with directions to reinstate the previous judgment herein.

REVERSED AND REMANDED WITH DIRECTIONS.