KATHRYN BOKELMAN, APPELLEE AND CROSS-APPELLANT, v.
LEONARD BOKELMAN, APPELLANT AND CROSS-APPELLEE.
272 N. W. 2d 916

Filed January 3, 1979.   No. 41727.

Brian F. Beckner, for appellant.

Cunningham, Blackburn, VonSeggern, Livingston & Francis, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

McCOWN, J.

This is a proceeding to modify a decree of dissolution of marriage. The wife filed an application to modify the decree by granting her custody of the two minor children of the marriage and the possession and use of the former family residence, rights which had been awarded to the husband in the decree. The District Court denied the application for change of custody and use of the residence, but ordered the residence sold and the proceeds divided between the parties. The husband has appealed and the wife has cross-appealed.

The decree of dissolution of marriage in this case was entered on May 16, 1975, with matters of custody and property division reserved for later decision. On August 26, 1975, the District Court granted custody of the two minor children, then 6 and 10 years old, to the husband, with reasonable visitation rights to the wife; ordered a division of property; and ordered payment of alimony to the wife. As a part of the property division the court ordered that the husband "be and he is herewith awarded the use of the home of the parties and the furnishings contained therein for so long as he retains custody of the minor children of the parties, up to and including their eighteenth birthday, at which time the remaining leasehold interest in the home and said furnishings shall be sold and the net proceeds divided in equal parts between the parties. It is the further order of the Court that during his term of possession of said home and furnishings the respondent shall be responsible for normal maintenance costs, taxes, insurance and like items."

The decree became final in due course and the husband lived in the residence with the minor children until May 1977. At that time he was transferred by his employer from Columbus, Nebraska, to Lincoln, Nebraska. He and the children thereafter moved to Lincoln. He testified he intended to rent the Columbus residence and that there was a possibility he and the children would return to Columbus.

In May 1977, the wife filed her application for modification of the decree as to custody and the right to use the residence upon the ground that there had been a substantial change in conditions pertaining to child custody and the use of the residence of the parties. The husband demurred to the application on the grounds that the court had no jurisdiction to modify the decree as to the residence and the application did not state facts sufficient to justify the modification requested.

The evidence presented at the hearing was that the change of circumstances relied upon to justify the modification requested was the fact that the husband and children had moved from Columbus, Nebraska, to Lincoln, Nebraska. The record fails to establish that the husband had failed to properly care for the children or was unfit in any way to care for them, or that it was in the best interests of the children to have the custody changed to the mother.

The District Court found there was not a sufficient change of circumstances to justify a change of custody of the minor children to the wife, but found that since the residence of the parties was no longer being "occupied" by the husband and the children, the residence should be sold and the proceeds distributed. The court thereupon denied the application to modify the decree as to change of custody, but ordered the residence of the parties sold and the proceeds divided pursuant to the original decree.

The husband contends on appeal that the provi-

sions of the original decree with respect to the use of the residence of the parties was a division of property and was not subject to modification except under conditions and circumstances set forth in the decree itself. The wife contends that the decree with respect to the use of the residence was an order dealing with the maintenance and welfare of minor children and not a division of property. She, therefore, contends that the decree was subject to modification upon showing of a material change of circumstances, and that the move to Lincoln by the husband and children was a substantial and material change of circumstances.

The provisions of the decree with respect to the use of the residence constitute a division of property rather than an order for the support and maintenance of the children, even though the right to use the property was given to the husband because he had the custody of the minor children and the consequent financial burden of support. The decree is not ambiguous, and, by its own terms, specifies the one material circumstance which is a precondition of any modification, namely, the change of custody of the minor children. It may well be that if the court were to order a change of custody of the children from the husband to the wife it might have authority to modify the decree as to the use of the residence, but that issue is not before us.

The order to sell the residence was not requested by either party, nor was any direct evidence on the issue of an interpretation of the original decree, in the absence of a change of custody, considered or presented. The District Court attempted to modify the decree as to the use of the residence by reading into it a provision that the right to use the residence terminated if the husband and the children ceased to personally occupy and live in the residence. There is no such limitation in the decree. It seems clear that the decree intended to, and did, grant the eco-

nomic benefit of the use of the residence to the party having custody of the children so long as custody was retained, and until the children reached their eighteenth birthdays. At that time the property is to be sold under the terms of the decree. On the present state of the record, there is no basis for modification of the decree as to the use of the residence, since there has been no change in custody.

This court has consistently held that after the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment, except for the reasons stated and within the time limited in section 25-2001, R. R. S. 1943. Lienemann v. Lienemann, 197 Neb. 449, 249 N. W. 2d 902.

We have also consistently held that a property division in a dissolution of marriage decree from which no appeal is taken is not subject to modification, and ordinarily will not thereafter be vacated or modified as to such property provisions in the absence of fraud or gross inequity. Klabunde v. Klabunde, 194 Neb. 681, 234 N. W. 2d 837; Corn v. Corn, 190 Neb. 383, 208 N. W. 2d 678.

If the language used in a judgment is ambiguous, there is room for construction, but if the language employed is plain and unambiguous, there is no room for construction or interpretation, and the effect of the decree must be declared in the light of the literal meaning of the language used. See 49 C. J. S., Judgments, § 436, p. 863.

In her cross-appeal, the wife contends that the District Court erred in dismissing her application for a change of custody and argues that because there was evidence she was fit to have custody of the children, the court should have changed the custody from the father to her.

The record fails to establish, however, that the husband had failed to properly care for the children or was unfit in any way to care for them, or that it

was in the best interests of the children to have the custody changed. The only real change in circumstances relied upon to justify a change of custody was the fact that the father and children had moved to Lincoln.

A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action. The determination of the trial court with respect to changing the custody of minor children will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Carper v. Rokus, 194 Neb. 113, 230 N. W. 2d 468.

That part of the order of the District Court which denied the wife's application to change the custody of the minor children was correct and is affirmed. That part of the order of the District Court directing the residence of the parties be sold and the proceeds distributed is vacated and set aside, and the provisions of the original decree with respect to the use of the home of the parties is reinstated in all respects.

AFFIRMED IN PART, AND IN
PART REVERSED.

WHITE, J., not participating.

COLWELL, District Judge, concurring.

I concur in the result of the majority opinion. However, I object to the finding that the original decree of dissolution, as it relates to the use of the residence, did constitute a division of property and that the decree was not ambiguous.

Those findings might be warranted if those particular issues were presented by pleadings and the evidence at the modification hearing. They were not. The only issue there presented was whether the decree should be modified to change child custody. The trial court had no jurisdiction to either consider

or order the sale of the residence, and this court should not determine any issue related to that void finding.